JUSTICE RICE
concurring in part and dissenting in part.
¶18 I concur in the conclusion that the District Court did not err in refusing to order the Department of Motor Vehicles to issue a license to Chain. However, I dissent from the interpretation of the motor vehicle statutes rendered by the Court herein.
¶19 The Court holds at ¶ 11 that “nothing in the Montana licensing statutes prohibits application for a license” by a person whose driving privileges have been suspended in Montana or another state. The *497 Court further holds that the Department is authorized to issue a new license to a person whose license has been suspended, upon the expiration of one year after such suspension, even if the suspension was ordered for a longer period. These holdings directly conflict with the motor vehicle statutes.
¶20 The law prohibits an application for a license by a person with a suspended license. Section 61-5-208(2)(a), MCA, provides “lajfter the expiration of the period of the revocation or suspension, the person may apply for a new license ...” (Emphasis added.)
¶21 Further, the Department is prohibited from issuing a new license to a person with a suspended license, regardless of the length of the suspension:
The department may not issue a license under this chapter to a person . . . whose license or driving privilege is currently suspended or revoked in this or any other state.
Section 61-5-105(2), MCA (emphasis added).
A person whose license or privilege to drive a motor vehicle on the public highways has been suspended or revoked may not have the license, endorsement, or privilege renewed or restored unless the revocation was for a cause that has been removed.
Section 61-5-208(2)(a), MCA (emphasis added).
¶22 There is no question that Chain’s current license suspension in Michigan is for a cause that has not been removed. Therefore, he is prohibited from applying for a Montana license, and the Department is absolutely prohibited from issuing a license to him.
¶23 However, finding that § 61-5-105(2), MCA, “appears to conflict” with the authority given to the Department to suspend licenses for one year under § 61-5-208, MCA, the Court concludes that the statutory prohibitions on application by, and issuance of a license to, a person with a suspended license are eliminated by § 61-5-107(4), MCA. That provision, part of the statute governing the application process, provides that when an application is received from a person previously licensed in another state, the driving record from that state becomes part of the driver’s record in Montana with the same force and effect as though it was originally entered here.
¶24 There is no conflict within the statutes when it is realized that a person with a suspended license is prohibited from applying for a new license under § 61-5-208(2)(a), MCA, and thus, § 61-5-107(4), MCA, adds nothing to this issue. Chain’s Michigan suspension cannot be reduced to one year under this provision because Chain is not eligible under Montana law to apply for a license in the first instance.
¶25 The Court errs further by interpreting § 61-5-107(4), MCA, as removing Chain’s Michigan suspension as a bar to issuance of a Montana license, to the extent it exceeds one year in duration. The Court would have the Department give the Michigan suspension the *498 same force and effect as though it was entered in Montana, pursuant to § 61-5-107, MCA. The fallacy in attempting to apply this provision to Chain’s record is that the provision cannot eliminate the existing Michigan suspension. The Court’s attempt to meld the statutes at issue here will lead to other conflicts. It is a violation of § 61-5-212, MCA, for a person to drive “a motor vehicle or commercial motor vehicle on any public highway of this state at a time when the person’s privilege to do so is suspended or revoked in this state or any other state ....” Section 61-5-212(1), MCA. The Court is holding that Chain can apply for a new license, and the Department can grant him one. However, because his license is still suspended in Michigan, Chain will violate the motor vehicle code if he actually drives. The Court may choose to overlook these statutory conflicts and find Chain would be immune from violations associated with his current Michigan suspension. However, I believe such an interpretation violates the plain meaning of the statutes.
¶26 The conflict in the statutes perceived by the Court was resolved when, in 1995, the Legislature deleted the phrase, “except as provided in 61-5-208,” from § 61-5-105(2), MCA. See Sec. 1, Ch. 364, L. 1995. Thus, any question that the absolute prohibition of § 61-5-105, MCA, against the issuance of a new license was somehow limited to one year under § 61-5-208, MCA, was resolved. Chain should be prohibited from applying for or receiving a new license as long as his Michigan suspension remains in effect. The Court’s decision to the contrary completely nullifies § 61-5-105(2), MCA.